FARGO v. BROWNING et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

CONDEMNATION—DAMAGES—RIGHTS OF LESSOR AND LESSEE.

    Where plaintiff leased a lot to defendants, they to erect a building thereon, and keep and leave it in repair, it on expiration of the lease to belong to him, and part of the lot was condemned, he is entitled to no part of the damages awarded to them for repairs, though more than enough therefor; and it is immaterial that they represented that their expenditures equaled the award, and that they agreed to furnish him vouchers showing this.

Appeal from special term, New York county.

Action by James C. Fargo, as president of the American Express Company, against William C. Browning and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George A. Miller, for appellant.
David Willcox, for respondents.

RUMSEY, J. The complaint alleged that the plaintiff was the owner in fee of certain premises situated on the corner of Broome and Elm streets in the city of New York; that in 1881 the premises were leased by it to the defendants for the term of 20 years, and that it was provided by the lease that the defendants should erect upon the premises a building which should cover the whole lot, and which should cost at least $55,000. The lease further provided that the lessees should keep the same or any other building erected in pursuance of the lease in good and proper repair during the continuance of the term; that, in case the building should be destroyed or damaged by fire or other casualty, it should.be restored by the lessees to as good condition as it was before the damage; that no reduction or abatement of the rent should be allowed in case of such damage, and that any building erected on the premises should become at the de-, termination of the term the property of the lessors. The complaint further alleged that the building was erected by the defendants, the lessees, at a cost of $88,000. It is further alleged that in 1895 the city of New York began proceedings to widen Elm street, and to that end it became necessary to condemn a portion of this lot. That commissioners of estimate and assessment were appointed, and that the plaintiff and defendants appeared before them, each claiming an award for damages,—the lessor for the land and the lessees for their damages as such. It was further alleged that the commissioners made an award to the defendants for their damages to the demised premises as follows: For damage to leasehold, $12,734; for cost of repairing building, $36,689; for machinery, $8,102. It is alleged that the defendants had repaired the building, and had not expended any such sum as was awarded to them by the commissioners; that the repairs they made were unsuitable and inferior to the construction and style of the building, and that they had refused to give to the . plaintiff an account of the amount expended by them for the repairs. It is further alleged that at the time when the report of the commissioners was confirmed at special term the defendants' counsel represented in court that a sum equal to the whole amount of the award made to them for the repairs had actually been expended by them in the repairing of the building, and that vouchers for the expenditures would be shown to the plaintiff for its examination, and that, acting upon the faith of such representations, the objection to the report on the behalf of the plaintiff was not pressed, and the order was thereupon confirmed. The relief demanded is that the defendants be required to account for all sums expended or contracted to be expended by them on account of the reconstruction of the building made necessary by the taking of the part of the building for the purpose of widening the street; that the city of New York, in whose hands the award is, be restrained from paying the amount of the award to the defendants, and required to pay to the plaintiff the difference between the amount expended by them and the sum awarded to them by the commissioners to make the repairs. The demurrer to this complaint

upon the ground that it did not state facts sufficient to constitute a cause of action was sustained at the special term, and from the interlocutory judgment thereupon entered this appeal is taken.

It is not necessary, in the view we have taken of this case, to consider the precise nature of the interest which the plaintiff has in the building during the continuance of the lease. That building was erected by the defendants, and they have the right to occupy it while their lease lasts, and they are required during that time to keep the building in repair, or to rebuild it if it is destroyed, and that is the extent of their duty towards the plaintiff during the continuance of the lease; but on its determination they are bound to surrender the building to the lessor in substantial repair, so that their contract shall have been complied with. There can be no doubt—and it is conceded by the plaintiff—that while the lease continued the defendants had some sort of an interest in that building arising out of their right to occupy it and their duty to keep it in repair. Whatever their right was, it belonged to them as lessees, and as such it was made the duty of the commissioners of estimate and assessment to make an equitable award of the damages which the defendants as such lessees had suffered by the interference with their rights. The award to them as lessees was made purely as a compensation to them. It did not take into consideration any interest which the owner of the fee might have had, or any damage which he might have suffered. The statute required the commissioners to award them their damages, entirely independent of any damages which might have been suffered by the lessor. The items of the damages awarded to lessees were plainly the general damage to their leasehold by the taking of the land, and the particular damage inflicted upon them by the demolition of this building, making it necessary for them to reconstruct it. This duty of reconstruction was, by the lease, put upon them; and the only interest which the plaintiff had in that regard was to see that the contract was performed, with the right to recover damages for the failure to perform the contract if the defendants, at the end of this term, had so failed. As the duty to reconstruct was solely upon the defendants, the award to them for that purpose certainly belonged to them, and to them alone. It is conceded by the plaintiff that the award belonged to the defendants so far as it was necessary for them to use the amount for the purpose of repairing the building, but the fact that the defendants, in making the repairs, did not use the whole of the award, did not transfer any portion of the award for that purpose to the plaintiff. It had no interest in the money awarded to the defendants, but only an ultimate property in the building which should be upon the premises when the defendants surrendered it. If that building was kept in the condition in which the defendants agreed to keep it, it would have been a matter of no interest to the plaintiff if the award made to the defendants was not large enough to cover the expenses of the repairs and reconstruction; and so, if the award was more than sufficient, that was of no interest to the plaintiff. The award to the defendants belonged to them because it was an amount found by the commissioners as a sum which would enable them to pay the cost of the repairs to the building. It

may have been too much, but, if it was, it was no affair of the plaintiff. If at the close of the lease it got what the defendants contracted to give it, it had all it was entitled to. The whole basis of this action seems to be that the award to the defendants was too much; that the commissioners made an award greater than was necessary to make the repairs to this building. That gave no right to the plaintiff, because the defendants were only bound, so far as the plaintiff was concerned, to repair the building, and keep it in repair, and the expense of so doing was no concern to it.

The allegations in the complaint that the defendants agreed to furnish the plaintiff with their vouchers showing the amount expended in the reconstruction of the building, and that upon that agreement the plaintiff did not further press its objections to the report of the commissioners, do not alter the case in any degree. We have not found it necessary to examine the claim made by the defendants that the confirmation of the award of the commissioners was an adjudication, and, as such, conclusive.

For the reasons heretofore stated, we are satisfied that the demurrer was properly sustained, and the judgment must be affirmed, with costs. All concur.